IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JANE DOE, C.C.** | : | CIVIL ACTION |
| | : | |
| **Plaintiff,** | : | |
| v. | : | |
| | : | |
| **WALMART, INC., et al.** | : | NO. 2:24-cv-06386-MRP |
| | : | |
| **Defendants.** | : | |

## ORDER

**AND NOW,** this 1st day of July, 2025, upon consideration of Plaintiff's Motion to Remand (ECF No. 7), Defendants Walmart, Inc., Walmart Stores East, LP, Walmart Stores East LLC, WSE Management LLC, WSE Investments LLC, Walmart Supercenter #2141, and Walmart Associates Inc. (collectively "Walmart")'s opposition thereto (ECF No. 8), and Plaintiff's reply brief (ECF No. 11), it is hereby **ORDERED** that Plaintiff's Motion is **GRANTED** and this matter is **REMANDED** to the Court of Common Pleas of Philadelphia County.[1]

---

[1] Plaintiffs may oppose removal via a motion to remand for failure to comply with the removal statute or for lack of subject matter jurisdiction. 28 U.S.C. §1447(c). The removal statutes must be "strictly construed against removal and all doubts should be resolved in favor of remand". *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). This Court finds that Mr. Corey Elickson is a properly joined and served defendant with citizenship in Pennsylvania. Accordingly, removal was substantively and procedurally improper, and the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332.

Plaintiff Jane Doe is a former Walmart employee who was sexually assaulted by Mr. Elickson while working a shift at a Walmart store in South Philadelphia. ECF No. 1-6 at ¶¶ 45-61. Mr. Elickson later pled guilty to indecent assault and harassment. Id. at ¶87-88. Plaintiff filed a suit in the Court of Common Pleas of Philadelphia County, alleging claims against both Mr. Elickson and Walmart. ECF No. 1-5. Plaintiff served Mr. Elickson by handing a copy of the complaint to Mr. Elickson's girlfriend at his listed address. ECF No. 7-1 at 2. Upon filing the amended complaint, Plaintiff sent Mr. Elickson a copy via certified mail after multiple unsuccessful attempts to serve him at the same address. ECF No. 8-10; ECF No. 7-8 at 1. Defendants subsequently removed the case pursuant to 28 U.S.C. § 1441(a) and (b) based on diversity of citizenship. ECF No. 1 at 1.

Defendants argue that removal is proper because Mr. Elickson was not properly served and was fraudulently joined as a means to destroy complete diversity. ECF No. 1 at ¶¶ 34-46. Accordingly, Defendants claim that Mr. Elickson's citizenship need not be considered for jurisdictional analysis, and he need not consent to removal. ECF No. 8-2 at 8;

BY THE COURT:

_____
Hon. Mia R. Perez

---

ECF No. 1 at 9. However, the record shows that Plaintiff properly served Mr. Elickson with the original complaint pursuant to Pa. R. Civ. P. 402. by delivering it his girlfriend, an adult in charge of his residence. Additionally, Plaintiff made multiple good faith attempts to serve the amended complaint to Mr. Elickson and, upon failure, provided service via certified mail to the most up-to-date address listed for Mr. Elickson in the Megan's Law registry, in accordance with Pa. R. Civ. P. 403. While there are some ambiguities regarding Mr. Elickson's exact whereabouts, courts do not require absolute certainty of residency, only that service be reasonably calculated to provide notice under the circumstances. *Foehl v. United States*, 238 F.3d 474, 478 (3d Cir. 2001) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950)). Accordingly, the Court finds that Mr. Elickson was properly served.

Defendants also fail to meet their heavy burden to prove that Mr. Elickson was fraudulently joined. To succeed on a claim of fraudulent joinder, the removing party must show that plaintiff's claim against the non-diverse defendant is "wholly insubstantial and frivolous". *Bate v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992). Here, Plaintiff's claims against Mr. Elickson are far from frivolous – Mr. Elickson's sexual assault of Plaintiff is the central conduct underlying the suit. Additionally, the record shows Plaintiff's diligent efforts to pursue the claims, including repeated service attempts. Thus, the Court finds that Mr. Elickson was properly joined, and his citizenship must be considered for jurisdictional analysis.

Finally, Defendants argue that there is no evidence to support that Mr. Elickson is a citizen of Pennsylvania. ECF No. 1 at ¶ 16. On the contrary, the record supports the conclusion that Mr. Elickson is indeed domiciled in Pennsylvania. The address at which service was attempted is listed as Mr. Elickson's residence on his Megan's Law registry. ECF No. 8-10. At Mr. Elickson's criminal trial, his girlfriend testified under oath that she and Mr. Elickson lived together at that address. ECF No. 7-10 at 3. Even when the registry was briefly updated to the address of a shelter in Philadelphia, it continued to reflect an in-state location. ECF No. 7-8 at 1. Defendants have not shown that Mr. Elickson ever established domicile elsewhere, nor that he intended to remain outside of Pennsylvania. Accordingly, he must be considered a Pennsylvania citizen for diversity purposes.

Because Mr. Elickson was properly joined and served as a citizen of Pennsylvania, removal was procedurally improper under 28 U.S.C. §1446(b)(2)(A), as Mr. Elickson did not consent to the removal of this action. ECF No. 1 at 9. Additionally, removal is barred by 28 U.S.C. § 1441(b)(2), which prohibits removal based solely on diversity when any properly joined and served defendant is a citizen of the state where the action was originally filed. Plaintiff brought the action in Pennsylvania state court, and Mr. Elickson is a citizen of Pennsylvania. Because he was properly joined and served prior to removal, the presence of this forum defendant renders removal improper on substantive grounds. Because both Plaintiff and Mr. Elickson are citizens of Pennsylvania, there is not complete diversity. Accordingly, the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332.